Gabrielli, J.
(dissenting). The majority reverses the order of the Appellate Division on two stated grounds: (1) that certain confessions made by the defendant should be suppressed since, as they claim, the defendant’s arrest was made without probable cause and any statements made by the defendant thereafter were improperly received in evidence and (2) that the inadvertent delivery of unadmitted exhibits to the jury also requires a new trial.
In view of my analysis and vote to affirm, I shall not address the majority’s inappropriate and unnecessary dictum (p 140) relating to the admissibility of evidence of past intimacies between the same parties in statutory rape cases.
It is beyond dispute that the police had probable cause to believe that the defendant had committed the crime of sodomizing and raping the young victims. The suppression hearing minutes indicate that defendant was given adequate Miranda warnings and that his admissions were in all respects voluntary. It also stands undisputed that the police officers had previously taken detailed statements from the three victims, two of whom were but 11 years old, prior to the arrest of the defendant. Although these statements were not employed or placed in evidence at the suppression hearing, it is clear that not only were they in the possession of the police before the arrest was made, but, in fact, one of the arresting officers testified at the suppression hearing that everything contained in defendant’s statement was known to the officers prior to the arrest, obviously referring to the detailed information supplied by the victims’ statements. The testimony of Officer Gavigan in this regard certainly incorporated by reference, at the very least, the information previously obtained from the victims.
As to the holding that the jury deliberations were tainted by the viewing of certain material excluded from evidence, I find no ground for reversal. On the final morning of their deliberations, the jury requested several exhibits. Unfortunately, the court matron delivered to the jury the wrong exhibits. When the court learned of the mistake, each of the jurors was questioned in camera and 11 of the jurors stated that they had completed their deliberations on the first five *142 charges and had already decided upon guilty verdicts on the second, third, fourth and fifth counts of the indictment. The twelfth juror stated that the jurors were still undecided concerning the first count, but agreed with the others that they had all determined to convict defendant on counts two through five by the time the jurors had convened on the morning in question. It is important to note that the ultimate verdict was one of acquittal on the first and sixth counts and, as found by the trial court, the mistake in delivering the wrong exhibits to the jury had not affected its deliberations. Consequently, reversal is certainly not called for in these circumstances.
Accordingly, I vote to affirm the order of the Appellate Division and sustain the convictions of sodomy in the first degree, sodomy in the second degree and the two counts of sexual abuse in the first degree involving these three young children.
Chief Judge Cooke and Judges Jones, Wachtler and Meyer concur with Judge Fuchsberg; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Judge Jasen, concurs.
Order reversed, etc.